UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  JS-6

| Case No. | CV 14-3604 FMO (VBKx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | Dean A. Slater v. NCO Financial Systems Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On March 19, 2014, Dean A. Slater ("plaintiff") filed the instant suit in the Small Claims Court of the Superior Court of California for the County of Los Angeles against NCO Financial Systems, Inc. ("defendant").  (See Notice of Removal of Action Under 28 U.S.C. § 1441(a) ("NOR") at Exhibit A ("Complaint")).  Defendant removed the action to this court on May 9, 2014, based on federal question grounds pursuant to 28 U.S.C. §§ 1331 and 1441(a).  (See NOR at 1-2).

Having reviewed the Complaint and the Notice of Removal, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-3604 FMO (VBKx)** | Date | **June 9, 2014** |
|---|---|---|---|
| Title | **Dean A. Slater v. NCO Financial Systems Inc.** | | |

    Here, the court's review of the Notice of Removal and the attached state court Complaint, (see, generally, NOR & Complaint), make clear that this court lacks federal question jurisdiction over the instant matter. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). In other words, plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

    There is no basis for federal question jurisdiction, as the Complaint filed in state court contains a single cause of action for violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civil Code § 1785.19. (See Complaint at 2). The Complaint discloses no federal statutory or constitutional question. (See, generally, id.).

    To the extent defendant argues that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t(b)(1)(A), completely preempts plaintiff's claim such that it arises under federal law, (see NOR at 2) (citing to preemption provision of FCRA), this argument fails. It is well-settled that a "case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption," Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430, unless the federal statute completely preempts the state law claim. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987). Defendant cites no authority for the proposition that the FCRA, 15 U.S.C. § 1681t, completely preempts plaintiff's CCRAA claim, (see, generally, NOR), and the court is not persuaded that it does. See King v. Retailers National Bank, 388 F.Supp.2d 913, 915-17 (N.D. Ill. 2005) (finding neither the FCRA's plain language nor its legislative history demonstrate Congress' "clear intent to make causes of action within the scope of [the] Act removable to federal court."); Watkins v. Trans Union, L.L.C., 118 F.Supp.2d 1217, 1222-23 (N.D. Ala. 2000) (finding FCRA's establishment of concurrent state and federal jurisdiction over FCRA actions "indicates that Congress explicitly contemplated state courts entertaining FCRA actions[,]" and thus did not intend complete preemption and removability); Harper v. TRW, Inc., 881 F.Supp. 294, 299 (E.D. Mich. 1995) ("There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as Plaintiff's should be removable."); Sherron v. Private Issue by Discover, a Div. of Novus Servs., Inc., 977 F.Supp. 804, 808 (N.D.

---

  [2]  Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-3604 FMO (VBKx)** | Date | **June 9, 2014** |
|---|---|---|---|
| Title | **Dean A. Slater v. NCO Financial Systems Inc.** | | |

Miss. 1997) (same).

      Thus, defendant's suggestion that federal question jurisdiction exists based on the FCRA lacks merit. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430.  Therefore, there is no basis for federal question jurisdiction. See id.; see, e.g., Chase Bank USA, N.A. v. Duran, 2006 WL 889432 (N.D. Cal. 2006) (ordering remand because FCRA preemption defense did not support removal jurisdiction); accord Walker v. Bank of America, 2005 WL 465177, *1 (N.D. Cal. 2005); Sehl v. Safari Motor Coaches, Inc., 2001 WL 940846, *6 (N.D. Cal. 2001).

      **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

      Based on the foregoing, IT IS ORDERED that:

    1.  All pending motions are **denied without prejudice** and/or as **moot**.

    2.  The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, Southeast District, Downey Courthouse, 7500 East Imperial Highway, Downey, California 90242, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    3.    The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |